MICHAEL S. ROSS
\29080 Celestial Drive
Menifee, CA 92584
TEL: 951-205-0372
In Properia Persona

**ORIGINAL**

FILED
MAR 9 2015
U.S. COURT OF
FEDERAL CLAIMS

15 - 240 C

IN THE UNITED STATES COURT OF CLAIMS

FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| MICHAEL S. ROSS | ) CIVIL NO. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR |
| | ) |
| vs. | ) FOR AN ACCOUNTING |
| | ) |
| SYLVIA MATHEWS BURVEIL, | ) OF SOCIAL SECURITY |
| Secretary of Health, Education | ) |
| And Welfare, Social Security | ) BENEFIT PAYMENTS |
| Administration; Riverside Social | ) |
| Security Office, Mr. Bill Tresh, | ) FROM THE OUTSET OF |
| Cynthia Cordova, Office | ) |
| Manager Margaret and John Does | ) ELILIGIBILITY AUGUST, |
| One through One Thousand and | ) |
| Jane Does One through One | ) 2008 to 2016 |
| Thousand, Department of the | ) |
| Treasury, United States, et. al. | ) |
| | )( |
| Defendants. | ) |

1

Plaintiff, Michael S. Ross for his first cause of action alleges:   CASE

I

At all times herein mentioned plaintiff, Michael S. Ross, was and is a citizen of the United States of America and of the State of California and resides I the City of Menifee in the County of Riverside therein.

II

Jurisdiction innurs to this Court under the Federal Declaratory Judgment Act, U. S. C. A., Title 28, Section 2201, the Federal Mandamus Provision, U. S. C. A. Tilt 28m Section 1361, the Federal Question Question Jurisdiction of U. S. C., Title 28, Section 1331, the Administration Procedure Act, U. S. C., Title 5, Section 701, et seq., the Social Security Act, Title 20, and the Social Security Act, 42 U. S. C. 404 (b).

III

The applicable Social Security regulation, Code Federal Regulations, Title 20, Section 404.213. reads: Computation where eligible for pension or an uncovered employment:

"The formula in appendix II minus 1/2 portion of your monthly income which is due to uncovered work after 1956 and for which you were entitled in the first month you were entitled to

2

both Social Security benefits and the monthly pension., If the monthly pension amount is not a multiple of $0.10, w will round to the nearest multiple of $0.10. To determine the portion of your pension which is due to uncovered work before 1956, we consider\ the total number of years of work used to compute your pension and the percentage of those years which are after 1956, and in which your employment was not covered. We take that percentage of your total pension as the amount which is du to your uncovered work after 1956.

IV

In August, 2008 plaintiff first became eligible for Social Security benefits and applied therefor. In 2004 plaintiff was injured in a serious playground accident and because of the possibility of not having income for the rest of life was forced into taking his pension from public school teaching at about $554.54 a month. However, plaintiff recovered partially therefrom and was still working in 2005 through 2007. In early 2008, though the Teachers Retirement Board discovered that plaintiff was earning more than $27,500 per year teaching at the community college and substituting during the day beginning in 2007. Because $27,500 was the

3

legal limit for being able to receive STRS retirement funds, the Teachers Retirement Board informed plaintiff in early 2008 that it would not only cut off his retirement pension payments and eligibility for retirement pension but not allow any more retirement benefits until plaintiff had paid back all of the retirement funds collected in 2006 and 2007.

V

Because plaintiff did not know and never expected to exceed any maximum salary for receiving pension benefits, let alone a specific salary of $27,500 doing only substitute teaching and a couple of night classes at the local community college. It just so happened in 2007 and 2008 plaintiff received income from 4 or 6 college classes each year and that exceeded the unknown salary limit which by now has been raised to some $40,000.

VI

Ergo, when plaintiff first received Social Security benefits at age 65 and nine months in 2008, plaintiff eligibility for STRS pension was $0.00.

Record of payments to plaintiff from SSA:

| Period | Amount |
| --- | --- |
| From Aug, 2008 to Jan, 2010 | $799 per month |
| From Feb, 2010 to Sep, 2010 | $234 per month |
| From Oct, 2010 to Jan, 2011 | $0 |
| From Feb, 2011 to Feb, 2012 | $234 per month |
| From Feb, 2012 to Feb, 2013 | $234 per month |
| From Feb, 2013 to Jan, 2014 | $234 per month |

4

From Jan, 2014 to June, 2014        $250 per month
From June 2014 to Jan, 2015         $464 per month

## VIII

First Accounting under the above provision says plaintiff should receive $799 per month from Aug, 2008 until January, 2010 and since his TRS retirement eligibility was $0.00 in August, 2008 when his Social Security retirement was first eligible and began, and for all other periods, this adds to an aggregate of $27, 315 to January, 2015 over and above the amounts paid by Social Security from Riverside Social Security office with no overpayment.

```
August, 2008   to   January, 2010   $13,473   Paid by SSA
Febr, 2010 to Feb, 2011   8($799-234) +4($799) =$7,716 Unpaid
Febr 2011 to Feb, 2012   12($799-234) =            $6,780 Unpaid
Febr, 2012 to Feb, 2013  12($799-234) …            $6,780 Unpaid
Febr 2013 to Jun, 2013   5($799-234)                $2,745 Unpaid -
July, 2014 to Feb, 2014  7($799-250)                $3,843 Unpaid
Feb, 2014 to Jan, 2015   12($799-464)                 $335 Unpaid
                                           Total:  $27,315 Unpaid
```

## VIII

Second Accounting by the Riverside Social Security office decided in 2010 that it has erroneously overpaid plaintiff in his Social Security benefits by some $6,841 between August, 2008 and January, 2010. No explanation was ever presented to plaintiff on how this amount was

calculated. There is none. Therefore, the Riverside Social Security office started paying plaintiff in the lesser amounts shown above until the overpayment was repaid. However, if we choose the pension amount of $799 and deduct half of $554.54 or $277.27 from it we come up with $521.73 that should have been paid to plaintiff. If we multiply 277.27 by 17 months from Aug, 2008 to Jan, 2010 we come up with an overpayment of only $4,713.59. So the Riverside Social Security office is off more than $2,000 already. At a repayment rate of $521.73 - 234 or $287.73 per month, the $4,713.59 is paid back by November, 2010, $5,217.30 and the $6,841 is paid back by May, 2011, $7,176.68. Yet the Riverside and Hemet offices of the Social Security Administration have continued deducting for alleged overpayment and banned plaintiff from visiting Social Security offices.

IX

The Underpayment schedule as depicted by Riverside Social Security and the Richmond and Philadelphia appeals offices is:

```
August, 2008 to January, 2010         $13,473 Paid by Riverside
Febr, 2010 to Sept, 2010 repayment of  8($521.73-234)
Oct, 2010 to Jan, 2011                + 4(521.73-0)
                                       or $6,260.76
 Feb, 2011 to Feb, 2012 repayment of 12 (521.73-234)= $3,452.76
 Feb, 2012 to Feb, 2013 repayment of 12(521.73-234) =$3,452.76
 Feb, 2013 to June, 2013 repayment of 5 (521.73-234) = $1438.65
 July, 2013 to Febr, 2014 repayment of 7(521.73-250)= $1902.11
```

6

Febr, 2014 to Jan, 2015 repayment of 12 (521.73-464) = $185.73

Total:- 16,691.36

If we deduct that alleged overpayment of $6841 we obtain $9,850.36

If we deduct the actual overpayment, if any, of $4,713.59 we obtain $11,977.77. So in any event plaintiff is owed between $10,000 and $28,000 from the Social Security Administration.

X

The Social Security Administrative Judge in Moreno Valley, California concluded that there was no fault on the part of claimant in August, 2012, but refused to change the benefits owed to claimant.. The Social Security Administration Appeals Council finished its review in \
\
October, 2014 concluding that claimant was not due any extra benefits over those claimant had already been paid with no explanation about the discrepancy even between the Social Security Administration's alleged $6841 figure and the most actual figure of $5100 much less the difference as computed above between the amount paid and the amount of benefit that was owed even under the Social Security Administration's incorrect \
interpretation of 20 C. F. R. 404.213 of $11, 977.77.

XI

.Plaintiff, Michael S. Ross alleges that the defendants herein are

7

all citizens of the United States and that defendants Cynthia Cordova and Bill Tresh and all employees of the Riverside and Hemet Social Security offices are residents of Riverside County, California.

XII

Plaintiff, Michael S. Ross, alleges that all defendants and each of them incorrectly alleged that there was an overpayment of Social Security retirement benefits to plaintiff, Michael S. Ross, and if there was an overpayment of Social Security benefits to Michael S. Ross incorrectly calculated the overpayment as $6841 rather than the correct amount of $4713.59 and, in any event collected $16,691.36 in repayment by 2015 and therefore owe plaintiff, Michael S. Ross, $11,977.77 in repayment overage. pursuant to the provisions of 42 U. S. C. Selection 404.(1) (b).

XIII

Plaintiff, Michael S. Ross, alleges that because of his ranting and methods of arriving at overpayment totals, extension of repayment and raving about the acts of incompetence and cover up of their calculations years beyond the dates of full recovery and the degree of recovery with each benefit payment the Social Security Administration banned plaintiff from all of its offices for life

Plaintiff, Michael S. Ross for his second cause of action alleges:

I

Plaintiff, Michael S. Ross, realigns and incorporates herein by reference all of the allegations contained in paragraphs I through XI herein before.,

II

Plaintiff, Michael S. Ross, alleges that all the defendants herein and each of them incorrectly alleged that there was an overpayment of Social Security retirement benefits to plaintiff, Michael S. Ross, and there was no an overpayment of Social Security benefits to Michael S. Ross 5 and therefore owe plaintiff, Michael S. Ross, $27,977.77 in repayment overage pursuant to the provisions of 42 U. S. C. 404 (1) (b). .

Respectfully submitted,

*Michael S Ross*

Michael S. Ross
29080 Celestial Drive\
Menifee, CA 92584
Ph: 951-205-0372
In Properia Persona\

9

WHEREFORE, Plaintiff, Michael S. Ross, prays for joint and several judgment against each and every defendant named and unnamed here as follows:

In favor of plaintiff, Michael S. Ross on his first cause of action for:

1. General damages in the sum of $11,977.77 plus interest;
2. Punitive damages in the sum of $10,000 plus interest;
3. For the cost of suit;
4. For removal of the ban on plaintiff, Michael S. Ross's, visiting Social Security Administration offices.
5. For such other and further relief as the Court may deem proper in the premises

In favor of plaintiff, Michael S. Ross on his first cause of action for:

1. General damages in the sum of $27,315 plus interest;
2. Punitive damages in the sum of $10,000 plus interest;
3. For the cost of suit;
4. For removal of the ban on plaintiff, Michael S. Ross's, visiting Social Security Administration offices.
5. For such other and further relief as the Court may deem proper in the premises