ORIGINAL

# In the United States Court of Federal Claims

No. 15-240C
(Filed: July 9, 2015)

FILED
JUL - 9 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| MICHAEL S. ROSS, *pro se*, | ) |
| Plaintiff, | ) |
| v. | ) *Pro Se*; Rule 12(b)(1); Subject-Matter Jurisdiction. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Michael S. Ross*, Menifee, CA, plaintiff *pro se*.

*Christopher K. Wimbush*, Trial Attorney, *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Deputy Principal Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

*Pro se* plaintiff, Michael S. Ross, brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 301-1397mm (2012), seeking monetary damages related to his social security retirement benefits. The government moved, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss.

## II. FACTUAL PROCEDURE AND BACKGROUND[1]

### A. Factual Background

On March 9, 2015, plaintiff filed a complaint in this Court. *See generally* Compl. In his complaint, plaintiff alleges (1) that the Social Security Administration ("SSA") improperly determined that he received overpayments on his social security retirement benefits; (2) that the amounts of the alleged overpayments are incorrect; and (3) that the SSA owes plaintiff payment for benefits withheld by the agency. Compl. at 8. On April 27, 2015, plaintiff filed a notice of correction in which he provided additional calculations to support his request for compensatory and punitive damages. Notice of Correction at 1. Plaintiff seeks $31,000 in compensatory damages and $10,000 in punitive damages. Notice of Correction at 1; Compl. at 10.

### B. Procedural Background

Prior to filing his complaint with this Court, plaintiff sought review of his claims before the SSA. Compl. at 7. In August 2012, an SSA Administrative Law Judge determined that the SSA had correctly distributed plaintiff's retirement benefits. *Id.* In October 2014, the SSA Appeals Council agreed. *Id.* Plaintiff then brought his claim to this Court on March 9, 2015. *See generally* Compl.

On May 5, 2015, defendant filed a motion in this Court to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *See generally* Def. Mot. On June 8, 2015, plaintiff filed a motion for summary judgment as well as other materials which restated his claims against the SSA. *See generally* Pl. Mot. Plaintiff did not file a timely response to the defendant's motion to dismiss. As a result, on June 9, 2015, the Court issued an order instructing plaintiff to show cause on or before June 23, 2015, as to why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b). *See generally* Order to Show

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiff's complaint, cited in this Memorandum Opinion and Order as ("Compl. at ___"), plaintiff's notice of correction ("Notice of Correction at ___"), defendant's motion to dismiss ("Def. Mot. at ___"), plaintiff's response to order to show cause ("Pl. Resp. Order to Show Cause at ___"), and plaintiff's response to defendant's motion to dismiss ("Pl. Resp. Def. Mot. at ___"). Except where otherwise noted, the facts recited here are undisputed. The Court accepts the undisputed facts recited in the complaint as true.

2

Cause. On June 17, 2015, plaintiff filed a letter with the Court once again restating his claims against the SSA. *See generally* Pl. Resp. Order to Show Cause. On June 30, 2015 the United States Court of Appeals for the Federal Circuit, which is located in the same building as this Court, received plaintiff's response to defendant's motion to dismiss, dated June 16, 2015. *See generally* Pl. Resp. Def. Mot. Recognizing the mailing error, plaintiff's response was redirected to this Court and filed on July 7, 2015. *Id.* In his response, plaintiff again restates the calculation of his claim and indicates that the district courts have jurisdiction over this matter. *Id.* at 4-7. Plaintiff further asks this Court to transfer the matter to the United States District Court for the Central District of California. *Id.* at 7.

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

The Court acknowledges that plaintiff is proceeding *pro se*, without the benefit of counsel, and therefore is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are generally afforded greater leeway in their pleadings than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court should thoroughly examine plaintiff's complaint in an attempt to discern whether "plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). However, there "is no duty for the trial court to create a claim which [plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (citation omitted). Although a "*pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). Therefore, while the Court may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

3

## B. Jurisdiction

It is well established that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits" of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). When considering whether to dismiss an action for lack of subject-matter jurisdiction, the Court is "obligated to assume all factual allegations [in the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797. However, plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If subject-matter jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(b)(1).

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right under the Tucker Act, a plaintiff must identify a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

## IV. DISCUSSION

### A. This Court Lacks Subject-Matter Jurisdiction to Consider Plaintiff's Claims

Defendant moved to dismiss plaintiff's complaint on the ground that this Court does not possess jurisdiction to consider plaintiff's claims against the SSA. Def. Mot. at 3-6. For the reasons discussed below, the Court agrees that it does not possess jurisdiction and that it, therefore, must dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

### 1. The Court Does Not Possess Jurisdiction to Consider Plaintiff's Social Security Act Claims

The Court recognizes that plaintiff is proceeding *pro se*, and so he is "not expected to frame issues with the precision of a common law pleading." *Roche*, 828 F.2d at 1558. Although "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence . . . ." *Riles*, 93 Fed. Cl. at 165 (citations omitted).

Plaintiff alleges that the SSA improperly determined that he received overpayments on his social security retirement benefits, that the amounts of the alleged overpayments are incorrect, and that the SSA in fact owes him payment for benefits withheld by the agency. Compl. at 8. This Court has long recognized that it does not possess jurisdiction to entertain such claims. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); *see also Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008). The Social Security Act provides in pertinent part that:

> [An] action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (2012 & Supp. 2015). "Indeed, the Social Security Act confers exclusive jurisdiction upon federal district court for actions regarding Social Security benefits." *Treece v. United States*, 96 Fed. Cl. 226, 230 (2010) (citing 42 U.S.C. § 405(g)-(h)). The Social Security Act makes clear that a challenge to a social security benefits decision must be brought in a United States District Court. *See* 42 U.S.C. § 405(g); *see also Marcus*, 909 F.2d at 1471. The Social Security Act further provides that "[n]o findings of fact or decision of [the SSA] shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). And so, this Court does not have jurisdiction to consider plaintiff's claims seeking relief under the Social Security Act. *See Treece*, 96 Fed. Cl. at 232.

## 2. Plaintiff Fails to Establish an Alternative Basis for Jurisdiction

Dismissal of this action is also appropriate because plaintiff fails to establish any other valid jurisdictional basis for bringing his claims in this Court. In his complaint, plaintiff points to four additional grounds for jurisdiction: (1) the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) the federal mandamus statute, 28 U.S.C. § 1361; (3) the federal question statute, 28 U.S.C. § 1331; and (4) the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. Compl. at 2. But, for the reasons discussed below, none of these provisions provide a basis for this Court to exercise jurisdiction over plaintiff's claims.

As an initial matter, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer this Court with subject-matter jurisdiction to consider plaintiff's claims. The United States Court of Appeals for the Federal Circuit has held that the Declaratory Judgment Act does not apply to the United States Court of Federal Claims:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

*Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998); *see also Hoag v. United States*, 99 Fed. Cl. 246, 252 (2011). Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, "the Declaratory Judgment Act is not an independent basis for subject matter jurisdiction." *StoneEagle Servs., Inc. v. Gillman*, 746 F.3d 1059, 1062 (Fed. Cir. 2014). The Act instead is a "procedural vehicle" through which plaintiff may request a remedy after establishing separate grounds for jurisdiction. *Id.* And so, plaintiff cannot rely upon the Declaratory Judgment Act to establish jurisdiction here.

Plaintiff's reliance upon the federal mandamus statute, 28 U.S.C. § 1361, is equally misplaced. *See* Compl. at 2. The federal mandamus statute provides that "[t]he *district courts* shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Courts have long recognized that references to "district courts" generally mean

6

the Article III courts. *See Int'l Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 240-41 (1952); *see also Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (confirming that the United States Court of Federal Claims, as a non-Article III court, cannot hear matters solely in the purview of the district courts). As a non-Article III court, *see* 28 U.S.C. § 171(a) (2012) (designating this Court as an Article I court), this Court does not have authority to issue a writ of mandamus under section 1361. *See* 28 U.S.C. § 1361 (granting mandamus powers only to the Article III courts); *Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009). And so, plaintiff cannot rely upon the federal mandamus statute to confer to this Court jurisdiction over his complaint. *Id.*

In addition, the statute governing federal question jurisdiction does not provide this Court with jurisdiction to entertain plaintiff's complaint. The federal question statute states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where the adjudication of a type of claim has been granted to the district courts exclusively, this Court has no jurisdiction to hear the case and must dismiss the matter. *See Del Rio*, 87 Fed. Cl. at 540-41. As this Court has observed, "section 1331 cannot satisfy the Court of Federal Claims money-mandating requirement for jurisdiction. Therefore, plaintiff cannot use section 1331 to create jurisdiction in this court." *Hernandez v. United States*, 38 Fed. Cl. 532, 537-38 (1997). Accordingly, this Court lacks jurisdiction to consider plaintiff's claims.

Finally, the APA does not grant this Court jurisdiction to hear plaintiff's claims. It is well established that "[t]he Administrative Procedure Act does not establish jurisdiction in this court over claims for money." *Union Bank & Trust Co. v. United States*, 27 Fed. Cl. 403, 404 (1992), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993) (citation omitted). The APA only "provides the framework for determining when a court may review an agency's determination." *Stegall v. United States*, 19 Cl. Ct. 765, 769 (1990) (citing 5 U.S.C. §§ 701-06 (1988)). "Absent any pleading of a statute, regulation, constitutional provision or other basis mandating payment by the government . . . [a claim is] insufficient to invoke the jurisdiction of the Court of Federal Claims." *Ward v. United States*, 76 F. App'x 941, 944 (Fed. Cir. 2003). Because the APA does not confer this Court with jurisdiction to entertain plaintiff's claims, the Court must dismiss plaintiff's complaint.

In sum, when viewing plaintiff's complaint in the most favorable and deferential light, the complaint fails to articulate any claim within this Court's limited jurisdiction. Because jurisdiction is a "threshold matter," this matter may proceed no further in this Court. *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 527 (2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

### B. Transfer to a District Court Is Not Appropriate

Plaintiff also requests that the Court transfer this matter to the United States District Court for the Central District of California. Pl. Resp. Def. Mot. at 7. This Court may transfer a case to a different court if it lacks jurisdiction, recognizes that another court does have jurisdiction, and "if it is in the interest of justice" to transfer the matter. 28 U.S.C. § 1631 (2012). Under such circumstances, the Court may transfer the matter to "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the . . . [United States Court of Federal Claims], and the Court of International Trade." *Id.* § 610. The United States Court of Appeals for the Federal Circuit has held that the phrase "in the interest of justice" in section 1631 refers to whether the claim is frivolous. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citation omitted); *see also Dillard v. United States*, No. 14-1203C, 2015 WL 739934, at *4 (Fed. Cl. Feb. 20, 2015). Put another way, this Court should transfer the matter unless it finds that the case involves "legal points not arguable on the merits" or that the "disposition is obvious." *Galloway Farms*, 834 F.2d at 1000-01 (citations omitted). Consistent with this explanation, the transferring court should make the transfer only if (1) the transferor court lacks jurisdiction; (2) the claim could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice. *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012).

As explained above, this Court lacks jurisdiction to consider plaintiff's claim. The Social Security Act limits the scope of judicial review of a final decision by the SSA and creates an exclusive remedy procedure. 42 U.S.C. § 405(g)-(h). Appeal from the SSA must occur within 60 days of the mailing notice of the final decision. *Id.* § 405(g). The SSA Appeals Council, the final stage of administrative review, 20 C.F.R. § 404.981 (2015), made its determination on plaintiff's claim in October 2014. Compl. at 7. Plaintiff filed his complaint on March 9, 2015, long after the period to file an appeal of the SSA's decision had elapsed. *See generally* Compl.

Because plaintiff's complaint is untimely, the United States District Court for the Central District of California would not have jurisdiction to consider plaintiff's claims. *See* 42 U.S.C. § 405(g); *see generally* Compl. It is, therefore, unnecessary to determine whether transfer of this matter would be in the interest of justice. And so, the Court must deny plaintiff's request for transfer and dismiss plaintiff's complaint. RCFC 12(b)(1); *see* 28 U.S.C. § 1631.

V.   **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.

No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge